■ FLOWER CITY INSULATION SALES AND CONTRACTORS, INC., Respondent-Appellant, v BOARD OF EDUCATION—MARCUS WHITMAN CENTRAL SCHOOL DISTRICT, Appellant-Respondent. (Appeal No. 1.)—Cross appeal unanimously dismissed without costs and otherwise order affirmed. Memorandum: The parties entered into a contract for asbestos removal work to be performed by plaintiff at defendant's elementary schools. On August 2, 1988, 11 days before plaintiff's work was to have been completed under the contract, a fire occurred in the gymnasium at the Gorham Elementary School. Plaintiff cleaned up and repaired the fire damage before completing its asbestos removal work. When defendant rejected plaintiff's claims for payment of expenses incurred in repairing the fire

damage and the retainage under the contract, plaintiff commenced the present action, sounding in breach of contract and quasi contract. Defendant counterclaimed for damages allegedly resulting from plaintiff's negligence in causing the fire and delay in completing the contract. Both parties sought summary judgment. The court granted plaintiff's motion for summary judgment dismissing the counterclaims and denied both parties' motions for summary judgment on plaintiff's causes of action.

Plaintiff's cross appeal from the order granting its motion for summary judgment dismissing defendant's counterclaims is dismissed. Plaintiff was not aggrieved by the order and, therefore, its cross appeal does not lie (see, CPLR 5511; Town of Massena v Niagara Mohawk Power Corp., 45 NY2d 482, 488; Mareno v University of State of N. Y. Agric. & Tech. Coll., 101 AD2d 828).

The court properly granted summary judgment to plaintiff dismissing the counterclaims. The record establishes that defendant failed to make its claims against plaintiff within the time limitations imposed by paragraph 4.3 of the contract.

The record also establishes that plaintiff failed to make its claims against defendant for expenses incurred in repairing the fire damage within the 21-day time limit provided in paragraph 4.3. Therefore, the court erred in denying defendant's motion for summary judgment dismissing plaintiff's first, third and fourth causes of action.

We agree with the court's determination that there are questions of fact that preclude summary judgment with regard to plaintiff's cause of action seeking to recover the retainage under the contract. The record also presents triable issues of fact with respect to plaintiff's fifth and sixth causes of action, which seek recovery based upon defendant's obligation to provide fire insurance.

We modify the order by granting in part defendant's cross motion for summary judgment dismissing the first, third and fourth causes of action in the complaint, and otherwise affirm. (Appeals from Order of Supreme Court, Ontario County, Henry, Jr., J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Green, Boehm and Davis, JJ.