■ MARSHA LICHTMAN-WILLIAMS et al., Respondents, v ELAINE DESMOND, Defendant, and PAUL A. ZELEM et al., Appellants. [609 NYS2d 296] —In an action to recover damages for personal injuries, etc., the defendants Paul A. Zelem and Carol McKelvey appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated June 16, 1992, which, upon the plaintiffs' motion, *inter alia,* for renewal, granted renewal, and vacated so much of a prior order of the same court, entered March 27, 1992, as granted the appellants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for renewal is denied, and so much of the order entered March 27, 1992, as dismissed the respondents' complaint, is reinstated.

The plaintiff Marsha Lichtman-Williams has failed to establish a prima facie case that she sustained "serious injury" within the meaning of Insurance Law § 5102 (d). The report of the plaintiffs' physician, Dr. Ralph Parisi, failed to indicate with specificity any limitation in Lichtman-Williams' range of movement *(see, Licari v Elliott,* 57 NY2d 230; *O'Neill v Rogers,* 163 AD2d 466). Moreover, Lichtman-Williams returned to work four days after the accident, and so was not prevented from performing substantially all of the material acts that constituted her customary daily activities for 90 out of the 180 days following the accident *(see,* Insurance Law § 5102 [d]; *Licari v Elliott, supra; Grotzer v Levy,* 133 AD2d 67). Nor is there any evidence in the record of any causal relationship between the accident and a herniated disc revealed by a magnetic resonance imaging taken four years

after the accident *(see, Wierzbicki v Kristel,* 192 AD2d 906). Sullivan, J. P., Lawrence, Pizzuto, Joy and Goldstein, JJ., concur.