■ LAWRENCE FLANAGAN, JR., et al., Respondents, v THOMAS HOEG, Appellant. [624 NYS2d 853] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated September 22, 1993, as denied his motion for summary judgment dismissing the complaint, and (2) an order of the same court, dated November 23, 1993, as, upon renewal, adhered to the original determination.

Ordered that the appeal from the order dated September 22, 1993, is dismissed since that order was superseded by the order dated November 23, 1993, made upon renewal; and it is further,

Ordered that the order dated November 23, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the defendant's contention, the Supreme Court properly denied the defendant's motion for summary judgment, holding that the defendant had failed to demonstrate that the injured plaintiff's bulging or herniated disc does not constitute a serious injury within the meaning of Insurance Law § 5102 (d) *(see, Gaddy v Eyler,* 79 NY2d 955). In support of his motion, the defendant submitted reports from the injured plaintiff's treating physicians. Those reports establish a question of fact regarding whether the injured plaintiff suffers from a bulging or herniated disc and whether the plaintiff's limited range of motion of the lumbar spine constitutes a serious injury within the meaning of Insurance Law § 5102 (d) *(see generally, Lopez v Senatore,* 65 NY2d 1017, 1020; *Conde v Eric Serv. Corp.,* 158 AD2d 651). Accordingly, the defendant's motion papers fail to establish a prima facie case that plaintiff's injuries are not serious within the meaning of Insurance Law § 5102 (d). Bracken, J. P., Rosenblatt, Lawrence, Krausman and Goldstein, JJ., concur.