LESLIE WAALAND, Individually and as Mother and Natural Guardian of JUSTIN WAALAND, an Infant, et al., Appellants, v PAUL J. WEISS et al., Respondents. [643 NYS2d 635]

To warrant vacatur of an order entered upon default, the movant must demonstrate that there was an excusable delay

and a meritorious cause of action (see, CPLR 5015 [a] [1]; *Fennell v Mason,* 204 AD2d 599; *Putney v Pearlman,* 203 AD2d 333; *Schiavetta v McKeon,* 190 AD2d 724). In the present case, the appellants failed to sustain their burden of demonstrating a meritorious cause of action in that they failed to establish that the injured plaintiff sustained a "serious injury" in the subject accident (Insurance Law § 5102 [d]; *see, Gaddy v Eyler,* 79 NY2d 955, 956-957).

The record reveals that the subject accident occurred on December 20, 1991, and that the injured plaintiff's chiropractor took X rays on May 5, 1992, which revealed "straightening of the normal cervical lordosis". Two years later on March 17, 1994, an MRI scan revealed a disc herniation and two bulging discs. Although a disc herniation may constitute a serious injury (*see, Flanagan v Hoeg,* 212 AD2d 756; *Jackson v United Parcel Serv.,* 204 AD2d 605), under the circumstances of this case, it is sheer speculation to conclude that the accident on December 20, 1991 was the cause of the disc herniation and bulges. Accordingly, the Supreme Court properly denied the plaintiffs' motion to vacate their default.

In light of the foregoing determination, the plaintiffs' remaining contentions are academic. Mangano, P. J., Thompson, Florio and McGinity, JJ., concur.