■ JOSEPH K. CACACCIO, Respondent, v MELANIE J. MARTIN et al., Defendants, and JAYNE E. ONKEN, Appellant. [652 NYS2d 74] —In an action to recover damages for personal injuries, the defendant Jayne E. Onken appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated September 12, 1995, as denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

In opposition to the appellant's motion for summary judgment on the ground that the plaintiff failed to sustain a serious injury within the meaning of Insurance Law § 5102, the plaintiff submitted, *inter alia,* a chiropractor's affidavit, dated May 26, 1995, which contained the chiropractor's opinion that the plaintiff had sustained a herniated disc. The chiropractor's examination was conducted in February of 1995, approximately $3^1/_2$ years after the subject automobile accident occurred and over $2^1/_2$ years after the plaintiff had terminated all medical treatment for his alleged injuries in May of 1992. Although the plaintiff had been examined by various physicians prior to May of 1992, none had rendered a diagnosis suggesting that the plaintiff was suffering from a herniated disc. Further, the record contains evidence indicating that the plaintiff was involved in an automobile accident prior to the subject accident in 1988 or 1989, and another accident at some point in 1992.

We find that the plaintiff's opposition papers failed to establish a triable issue of fact within the meaning of Insurance Law § 5102 (d) (*see, Schultz v Von Voight,* 86 NY2d 865; *Waaland v Weiss,* 228 AD2d 435; *Lichtman-Williams v Desmond,* 202 AD2d 646). While a disc herniation may constitute a serious injury (*see, Flanagan v Hoeg,* 212 AD2d 756), under the circumstances of this case, the plaintiff's submissions failed to demonstrate that the 1991 accident constituted a proximate cause of the claimed disc injury (*see, Waaland v Weiss, supra; see also, Beckett v Conte,* 176 AD2d 774). Lastly, we find that the plaintiff's subjective complaints of pain are insufficient to satisfy the statutory threshold of a serious injury (*see, Scheer v*

*Koubek,* 70 NY2d 678, 679). Rosenblatt, J. P., Thompson, Santucci and Altman, JJ., concur.