■ MARY MICKELSON, Respondent, v ACHMAD P. PADANG, Appellant. [655 NYS2d 592] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Posner, J.), dated September 12, 1996, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff sought to recover damages for injuries she allegedly sustained in an automobile accident with the defendant. The defendant moved for summary judgment on the ground that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d). The Supreme Court denied the defendant's motion, and we reverse. The defendant submitted sufficient evidence to make a prima facie showing that the plaintiff did not suffer a serious injury within the meaning of the statute *(see, Gaddy v Eyler,* 79 NY2d 955, 956-957), thereby shifting the burden to the plaintiff to come forward with sufficient evidence that she sustained a serious injury *(see, Gaddy v Eyler, supra; Licari v Elliot,* 57 NY2d 230, 235; *Lopez v Senatore,* 65 NY2d 1017). The plaintiff failed to do so.

In opposition to the defendant's motion, the plaintiff submitted her own affidavit and the affidavit of Dr. Michael Ebbro,

the chiropractor who treated her after the accident. Although Dr. Ebbro stated that the plaintiff "will in all probability continue to suffer from pain and limitation of motion" of her back, he failed to specify the extent or degree of such limitation of motion (see, Wilkins v Cameron, 214 AD2d 557; Iglesias v Inland Freightways, 209 AD2d 479; Stallone v County of Suffolk, 209 AD2d 403). Further, his speculative opinion that the plaintiff's conditions may be permanent lacks probative value (see, Melino v Lauster, 195 AD2d 653, 655-656, affd 82 NY2d 828), and was tailored to meet the statutory requirements (see, Antorino v Mordes, 202 AD2d 528). Finally, Dr. Ebbro failed to state when he had last examined the plaintiff, and upon what facts, other than his examination more than two years earlier, he concluded that the plaintiff's injuries were permanent (see, Schultz v Von Voight, 216 AD2d 451, 452, affd 86 NY2d 865; Philpotts v Petrovic, 160 AD2d 856, 857). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.