■ HERBERT DAMSTETTER, Appellant, v ROBERT P. MARTIN, Respondent. (Appeal No. 1.) [668 NYS2d 526] —Appeal unanimously dismissed without costs (*see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.

■ HERBERT DAMSTETTER, Appellant-Respondent, v ROBERT P. MARTIN, Respondent-Appellant. (Appeal No. 2.) [668 NYS2d 863] —Cross appeal unanimously dismissed and amended order affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for legal malpractice based upon defendant's alleged failure timely to commence an action for personal injuries arising from an automobile accident. Supreme Court granted defendant's motion for summary judgment dismissing the complaint. The court concluded that the negligence cause of action was time-barred pursuant to CPLR 214 (6). The court further concluded that defendant was entitled to summary judgment dismissing the breach of

contract cause of action on the ground that plaintiff would not have prevailed in the underlying personal injury action and therefore sustained no damage as the result of defendant's alleged breach.

Defendant met his burden of establishing as a matter of law that plaintiff would not have prevailed in the underlying action because he did not sustain a serious injury as defined in Insurance Law § 5102 (d). In response, plaintiff submitted unsworn medical reports that were not in admissible form (*see, Grasso v Angerami*, 79 NY2d 813; *Pagan v Gondola Cab Corp.*, 235 AD2d 251) and the affidavit of a physician consisting of unsubstantiated speculation concerning the causal relationship between the accident and plaintiff's condition several years after the accident (*see, Andre v Seem*, 234 AD2d 325; *Waaland v Weiss*, 228 AD2d 435; *Lichtman-Williams v Desmond*, 202 AD2d 646, *lv dismissed* 84 NY2d 849) and conclusory assertions tailored to meet the statutory requirements (*see, Gaddy v Eyler*, 79 NY2d 955, 958; *Giannakis v Paschilidou*, 212 AD2d 502). That affidavit lacks probative value and is insufficient to raise a triable issue of fact (*see, Mickelson v Padang*, 237 AD2d 495; *Attanasio v Lashley*, 223 AD2d 614, 615).

Although the court rejected defendant's contention that the breach of contract action is time-barred by virtue of the 1996 amendment to CPLR 214 (6) (*see, Romeo v Schmidt* [appeal No. 1], 244 AD2d 860), it granted defendant all of the relief he sought. Defendant, therefore, was not aggrieved by the order and his cross appeal does not lie (*see*, CPLR 5511; *Flower City Insulation Sales & Contrs. v Board of Educ.*, 190 AD2d 1018, 1019). (Appeals from Amended Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.