■ KATHIELOU SWARTHOUT, Respondent, v CHRISTOPHER MAGEE, Appellant. [669 NYS2d 739] —Peters, J. Appeal from an order of the Supreme Court (Ellison, J.), entered September 4, 1997 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for neck and back injuries allegedly sustained when her vehicle was struck from behind by a vehicle operated by defendant. Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). Finding that the opposing affirmation of plaintiff's chiropractor created a triable issue of fact with respect to whether plaintiff suffered an injury or impairment which prevented her from performing substantially all of her usual and customary daily activities for 90 of the first 180 days following the accident, Supreme Court denied the motion. Defendant appeals.

In our view, Supreme Court properly concluded that plaintiff raised an arguable issue of fact as to whether she suffered a "serious injury" within the meaning of the 90/180 rule (see, Insurance Law § 5102 [d]). Finding the affirmation of defendant's expert, an orthopedic surgeon, to have been sufficient to meet defendant's evidentiary burden on his summary judgment mo-

tion (see, Below v Randall, 240 AD2d 939), plaintiff proffered, in opposition thereto, the affidavit of her treating chiropractor. Plaintiff's chiropractor recounted that she found plaintiff to be totally disabled from June 28, 1994 until December 28, 1994 as a result of the accident and thereafter diagnosed her with myofacial pain syndrome, cervical, thoracic and lumbosacral sprain/strain, and thoracic outlet syndrome. Although we note that such diagnosis was stated in a conclusory fashion, plaintiff further submitted her own affidavit detailing her inability to perform substantially all of her usual and customary daily activities for the requisite period (see, Insurance Law § 5102 [d]). Plaintiff's affidavit further incorporated the sworn medical report of David Cedarbaum, a chiropractor, who not only noted his finding of plaintiff's complete disability but also that her radiographs and X-ray reports indicate "a mild disk bulge at the L4-5 disc". Finding this proffer to have been sufficient (see, Uhl v Sofia, 245 AD2d 988; Tankersley v Szesnat, 235 AD2d 1010), we affirm the denial of defendant's motion for summary judgment.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.