■ MARIANNE KOSTO, Appellant, v ANTONELLA BONELLI et al., Respondents. [681 NYS2d 293] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 27, 1997, which granted the separate motions of the defendants Barbara Wenz and Margaret Wenz and the defendant Antonella Bonelli for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff sought to recover damages for injuries she sustained in an automobile accident with the defendants on August 25, 1994. The defendants moved, *inter alia,* for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the defendants' motions. We affirm.

We reject, both on procedural and substantive grounds, the statement in the dissent that "it appears that the defendants did not meet their initial burden of establishing entitlement to judgment as a matter of law". We note that, on appeal, the plaintiff has not made that specific argument. Indeed, such an argument would be totally unavailing. The probative medical reports of the defendants' experts, including those of an orthopedist, Dr. Davidoff, and a neurologist, Dr. Rimalovski, prepared after physical examinations of the plaintiff in May

1996, indicated that (1) as a result of the accident, the plaintiff suffered a "lumbosacral sprain" and "soft tissue injuries", (2) there was no evidence of "disability or any permanent type of injuries which could be linked causally" to the accident, and (3) an MRI of the plaintiff performed in September 1994 indicated "pre-existent" levels of disc herniation and dessication which were "causally unrelated" and "not due" to the accident. Contrary to the dissent's argument, the fact that one of the defendants' doctors found this pre-existing degenerative pattern unusual in a person of the plaintiff's age does not render the defendants' submissions insufficient as a matter of law. That same doctor suggested the need for an "orthopedic or neurologic consultation", a suggestion which ultimately resulted in the findings of Doctors Davidoff and Rimalovski. Under these circumstances, the defendants made a prima facie showing that the plaintiff did not suffer a serious injury within the meaning of the statute (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957; *Mickelson v Padang,* 237 AD2d 495), thereby shifting the burden to the plaintiff to come forward with sufficient evidence that she sustained a serious injury (*see, Gaddy v Eyler, supra; Mickelson v Padang, supra*).

We agree with the Supreme Court that the plaintiff's submission in opposition, i.e., the affidavit of a licensed chiropractor, failed to meet that burden. The affidavit of the chiropractor, dated June 2, 1997, was deficient as a matter of law since (1) it failed to indicate that the opinion expressed therein was based upon a recent medical examination rather than on an earlier examination conducted over two years prior thereto in September 1994 (*see, Gutierrez v Metropolitan Suburban Bus Auth.,* 240 AD2d 469; *Attanasio v Lashley,* 223 AD2d 614; *Letellier v Walker,* 222 AD2d 658), and (2) it noted a "loss of the lumbar range of motion" but failed to specify "the extent or degree of such limitation of motion" (*Mickelson v Padang, supra,* at 496; *Wilkins v Cameron,* 214 AD2d 557). In this regard, a decision of this Court cited by the dissent, i.e., *Steuer v DiDonna* (233 AD2d 494), is readily distinguishable since the chiropractor in that case "specified the degree of limitation in the range of motion of the plaintiff's * * * spine".

The plaintiff's remaining arguments are without merit.

Accordingly, the Supreme Court properly granted the defendants' motions for summary judgment. Mangano, P. J., Joy and Friedmann, JJ. concur.

Goldstein, J., dissents and votes to reverse the order appealed from and to deny the motions for summary judgment, with the following memorandum: On August 25, 1994, the

plaintiff, then 19 years old, was a front-seat passenger in an automobile involved in an automobile accident. X-rays were taken of her back on August 30, 1994, and magnetic resonance imaging (hereinafter MRI) was performed on September 6, 1994.

The defendants, as movants for summary judgment, bore the initial burden of establishing their entitlement to judgment as a matter of law on the ground that the plaintiff had not sustained a "serious injury" as a result of the accident (*see, Blusiewicz v Comeau,* 212 AD2d 657). In support of their motions for summary judgment, they submitted sworn medical evidence that the MRI revealed "disc herniations at the L2-3 level", and "dessication and posterior bulging of the intervertebral discs at L3-4, 4-5, and 5-1". This constituted an "objective manifestation of physical injury", satisfying the requirements of Insurance Law § 5102 (d) (*Hawkey v Jefferson Motors,* 245 AD2d 785; *cf., Vignola v Varrichio,* 243 AD2d 464).

One of the defendants' doctors performed a recent medical evaluation of the plaintiff nearly two years after the accident, and diagnosed her as still suffering from "disc dessication, disc bulges", resulting in low back pain, with occasional radiation to the left leg, with aggravation of symptoms after prolonged sitting, standing, or walking. However, the doctor nevertheless concluded that there was no evidence "of permanency related to the incident" of August 25, 1994, because this condition was "pre-existing".

Another of the defendants' doctors stated that the plaintiff's disc condition was symptomatic of "a long standing and relative *[sic]* chronic degenerative condition" unrelated to the accident. However, he cast some doubt on the validity of his own theory when he acknowledged that such a degenerative pattern of disc disease was unusual in a person of the plaintiff's relatively young age. He further acknowledged that there may have been exacerbation of the condition as a result of the accident when he stated that "I cannot differentiate whether there was exacerbation by trauma on a clinical basis or not". Therefore, it appears that the defendants did not meet their initial burden of establishing entitlement to judgment as a matter of law (*see, Hawkins v Foshee,* 245 AD2d 1091).

In any event, the plaintiff, in opposition, submitted the affidavit of a licensed chiropractor, who performed neurological testing of the plaintiff shortly after the accident, reviewed the X-rays taken on August 30, 1994, and examined the results of the MRI. The plaintiff tested positive for a "disc lesion". The chiropractor further noted that he observed no degenerative

changes on the X-rays, and that "upon review of the plain film studies and MRI by the undersigned", the plaintiff suffered from "no lumbar degenerative changes". He further concluded that the plaintiff's condition was permanent and a direct result of the accident.

This Court has specifically held that the affidavit of a chiropractor stating that the plaintiff suffers from a permanent partial disability in the function of the lumbar spine based upon "objective orthopedic, neurological and chiropractic testing", is sufficient to establish a triable issue of fact with regard to the plaintiff's allegation that she sustained a serious injury (*see, Steuer v DiDonna,* 233 AD2d 494; *see also, Swarthout v Magee,* 248 AD2d 796). The defendants' contention that the plaintiff's herniated and bulging discs were solely the result of pre-existing degenerative changes was doubted by one of their own experts, and soundly refuted by the plaintiff's expert. The plaintiff's expert's failure to refer to a recent examination of the plaintiff is not relevant here, since the issue in contention was whether there was evidence of a pre-existing condition in 1994 at the time of the accident. I further note that there was a recent examination by the defendants' doctor which diagnosed the same condition.

Accordingly, the motions for summary judgment should have been denied.