■ DORWYN LEWIS, Respondent, v JOHN WHITE, JR., et al., Appellants. [712 NYS2d 121] —In an action to recover damages for personal injuries, the defendant John White, Jr., appeals and the defendants James R. Moore and Maurice R. Samuels separately appeal from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated September 17, 1999, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendants' separate motions. In support of their respective motions the appellants relied on a Magnetic Resonance Image of the plaintiff's lumbar spine which revealed a herniated disc at level L5-S1. A disc herniation may constitute a serious injury within the meaning of the Insurance Law (*see, Chaplin v Taylor,* 273 AD2d 188; *Flanagan v Hoeg,* 212 AD2d 756, 757). The appellants submitted reports of two doctors who both failed to establish that the disc herniation was not causally related to the subject accident. Moreover, after performing straight leg raising tests on the plaintiff, one of the defendants' doctors found a 20 degree limitation in range of motion. This same doctor causally related these injuries to the subject accident.

Accordingly, the defendants failed to establish a prima facie case for judgment as a matter of law. Under these circumstances, we need not consider whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437). Bracken, J. P., Joy, Thompson, Goldstein and Feuerstein, JJ., concur.