◼ PATRICIA SABATER-DOMINGUEZ, Appellant, v Y.S. GREENWALD et al., Respondents. [718 NYS2d 186] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rosenberg, J.), dated November 24, 1999, as, upon reargument, adhered to a prior order of the same court, dated August 13, 1999, granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the order dated August 13, 1999, is vacated, the motion is denied, and the complaint is reinstated.

The Supreme Court, upon reargument, improperly granted the defendants' motion for summary judgment dismissing the complaint. The defendants submitted a magnetic resonance imaging report of the plaintiff's cervical spine showing a herniated nucleus pulposus at the C6-C7 level, which may constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Chaplin v Taylor,* 273 AD2d 188). The defendants did not demonstrate that the herniation was not causally related to the subject accident. Thus, the defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437; *Flanagan v Hoeg,* 212 AD2d 756). Under these circumstances, we need not consider whether the plaintiff's papers in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see, Chaplin v Taylor, supra*). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.