■ MAYA FINKELSHTEYN, Respondent, v CAROL HARRIS et al., Appellants. [721 NYS2d 90] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 1, 2000, as granted that branch of the plaintiff's motion which was for reargument of their prior motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102, which was granted by order of the same court dated March 6, 2000, and, upon reargument, denied their motion.

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon reargument, denied the defendants' motion for summary judgment and substituting therefor a provision adhering to the prior determination granting that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants, and the complaint is dismissed.

The defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident on July 10, 1997. The plaintiff was involved in a prior automobile accident in February 1994, and a subsequent automobile accident in December 1998. The physician who treated the plaintiff for injuries allegedly sustained in the subject accident did not treat her for the injuries she allegedly sustained in the accident that occurred in 1994. In opposition to the motion for summary judgment, the plaintiff submitted an affirmation of the physician who treated her as a result of the subject accident. That physician stated that the plaintiff was suffering from, *inter alia,* a specified permanent significant limitation of use of her cervical spine based upon objective evidence and an examination conducted on January 3, 2000, 2½ years after the subject accident.

While a disc herniation may constitute a serious injury (*see, Flanagan v Hoeg,* 212 AD2d 756), under the circumstances of

this case, the plaintiff's submissions failed to raise a triable issue of fact that the subject automobile accident was a proximate cause of the alleged injuries (*see, Alcalay v Town of N. Hempstead,* 262 AD2d 258; *Khodadadian v Wolff,* 242 AD2d 681; *Cacaccio v Martin,* 235 AD2d 384; *Waaland v Weiss,* 228 AD2d 435).

In light of our determination, we do not reach the remaining issue. Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.