■ MAJID YARAGHI, Appellant, v DINA M. ZELLER, Also Known as DINA M. MEDAGLIA, Respondent. [730 NYS2d 517] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 29, 2000, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the second cause of action alleging property damages, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955). In opposition, the plaintiff failed to submit any medical evidence indicating what treatment he received for his alleged injuries in the 4½-year period between the time of the accident and the examination conducted by his expert (see, Guevara v Conrad, 273 AD2d 198; Smith v Askew, 264 AD2d 834). The plaintiff's expert neither stated the nature of the plaintiff's alleged prior medical treatment nor delineated when that treatment was received (see, Paulino v Dai, 279 AD2d 619; Guevara v Conrad, 273 AD2d 198). Accordingly, the plaintiff's first cause of action to recover damages for personal injuries was properly dismissed.

However, his second cause of action to recover property damages should not have been summarily dismissed (see, Mabin v Matos, 119 AD2d 812). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.