■ KENDAL H. GORBAS, Respondent, v VALERIE DOWGIALLO et al., Appellants. [732 NYS2d 80] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 16, 2001, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), thereby shifting the burden to the plaintiff to submit sufficient evidence to raise a triable issue of fact on that issue (*see, Gaddy v Eyler,* 79 NY2d 955). The affidavit of the plaintiff's treating chiropractor and the affirmation of the plaintiff's examining physician were insufficient to defeat the defendants' prima facie showing because they failed to set forth what, if any, objective medical tests they performed to measure the restrictions of motion suffered by the plaintiff in her cervical and lumbosacral spines (*see, Harney v Tombstone Pizza Corp.,* 279 AD2d 609; *Monaco v Davenport,* 277 AD2d 209; *Perovich v Liotta,* 273 AD2d 367). Furthermore, the chiropractor failed to set forth the treatment, if any, that the plaintiff received for her injuries during the one-year and three-month period between the first examination and the last examination of the plaintiff (*see, Mejia v Thom,* 280 AD2d 528; *Reynolds v Cleary,* 274 AD2d 509; *Smith v Askew,* 264 AD2d 834). Therefore, the defendants' motion for summary judgment dismissing the complaint should have been granted. Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.