■ JUNE NEWMAN-BACHHUBER, Appellant, v YUKUN HU, Respondent. [744 NYS2d 48] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (LaTorella, J.), dated February 8, 2001, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court, dated October 3, 2001, which denied her motion, in effect, for leave to reargue.

Ordered that the appeal from the order dated October 3, 2001, is dismissed, as no appeal lies from an order denying leave to reargue (see Holmes v Hanson, 286 AD2d 750); and it is further,

Ordered that the order dated February 8, 2001, is reversed, on the law, the motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendant established his prima facie entitlement to summary judgment dismissing the complaint by submitting affirmations of his examining orthopedist and neurologist which indicated, through sufficient objective evidence, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Gaddy v Eyler, 79 NY2d 955; Espinal v Galicia, 290 AD2d 528; Fisher v Cho Pyung Choi, 289 AD2d 523).

However, the plaintiff successfully opposed the motion by presenting evidence that she may have sustained a serious injury. The plaintiff submitted, inter alia, affirmed medical reports from her treating physician and an affidavit from a radiologist which, among other things, indicated that magnetic resonance imaging tests performed on her cervical and lumber spine revealed findings of posterior bulging discs at C2-C3, C4-C5, and L4-L5, and a herniated disc at C4-C5. Since a bulging or herniated disc may constitute evidence of a serious injury within the meaning of the Insurance Law (see Lewis v White, 274 AD2d 455; Chaplin v Taylor, 273 AD2d 188; Flanagan v Hoeg, 212 AD2d 756), the grant of summary judgment was improper. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.