(September 30, 2002)

■ KORINN ALEXANDER et al., Respondents, v ROZINE C. FELAGO, Appellant, et al., Defendants. [748 NYS2d 24]

The appellant established a prima facie case that the plaintiff Vanessa Riddick did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of an automobile accident on December 31, 1997. The appellant presented evidence that Riddick sustained her claimed present injuries in a prior automobile accident in August 1996, and that she sustained only an exacerbation of preexisting cervical and lumbar strain as a result of the instant accident (*see Gaddy v Eyler,* 79 NY2d 955, 956-957; *Castaldo v Migliore,* 291 AD2d 526; *Puccio v Pazienza,* 289 AD2d 316; *Watt v Eastern Investigative Bur.,* 273 AD2d 226). In opposition to the motion for summary judgment, Riddick submitted an affidavit and medical report from her treating chiropractor. The chiropractor stated that Riddick suffered from quantified restrictions of motion in her cervical and lumbar spines based upon two examinations conducted after the subject accident. Riddick's submissions failed to raise a triable issue of fact that the subject automobile accident was a proximate cause of the alleged injuries (*see Finkelshteyn v Harris,* 280 AD2d 579; *Kaplan v Cartusciello,* 253 AD2d 452; *Khodadadian v Wolff,* 242 AD2d 681; *Cacaccio v Martin,* 235 AD2d 384; *Waaland v Weiss,* 228 AD2d 435). Accordingly, the appellant's motion for summary judgment dismissing the complaint insofar as asserted by Vanessa Riddick should have been granted.

Furthermore, since Vanessa Riddick failed to demonstrate that she sustained a serious injury, we search the record and grant that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as is

asserted by that plaintiff against the defendant Ernest Felago, and dismiss that portion of the complaint insofar as asserted against him, notwithstanding his failure to appeal (*see Dinkle v Lagala,* 246 AD2d 624).

However, in support of the motion for summary judgment dismissing the complaint to the extent that it is asserted by Korinn Alexander, the appellant failed to establish her prima facie entitlement to judgment as a matter of law on the ground that Korinn Alexander did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affidavit of the appellant's examining orthopedist quantified the range of motion in Alexander's spine without explaining the significance of his findings (*see Junco v Ranzi,* 288 AD2d 440). Thus, we need not consider whether Alexander's opposition to the motion was sufficient to raise a triable issue of fact (*see Chaplin v Taylor,* 273 AD2d 188). Santucci, J.P., Smith, Krausman, H. Miller and Adams, JJ., concur.