■ ELIZABETH MCCAULEY, Respondent, v GEORGETTE ROSS, Appellant. [748 NYS2d 409] —In an action to recover damages for personal injuries and property damage, the defendant appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated October 2, 2001, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the first cause of action to recover damages for personal injuries, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff sought to recover damages, inter alia, for injuries she sustained in an automobile accident involving the defendant on April 24, 1995. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendant provided evidence that the plaintiff was involved in a prior automobile accident in 1991, and two subsequent automobile accidents in 1997 and 1998. Furthermore, the defendant submitted evidence that the plaintiff was suffering from degenerative disc narrowing and desiccation at C5-C6 and C6-C7. In a medical report affirmed under the penalties of perjury, the defendant's orthopedist, who examined the plaintiff and reviewed relevant medical documentation, concluded that there was no residual impairment or disability from the cervical sprain the plaintiff allegedly sustained as a result of the 1995 accident, and that she is suffering from age-related degenerative disc disease and disc changes which pre-date and are not attributable to the

subject accident. Under the circumstances of this case, the defendant made a prima facie showing of entitlement to judgment as a matter of law on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident on April 24, 1995 (*see Holmes v Hanson,* 286 AD2d 750; *Finkelshteyn v Harris,* 280 AD2d 579; *Kosto v Bonelli,* 255 AD2d 557).

The evidence submitted by the plaintiff in opposition was insufficient to defeat that branch of the defendant's motion which was for summary judgment dismissing the first cause of action to recover damages for personal injuries. The affidavit of the plaintiff's treating chiropractor failed to raise a triable issue of fact as to whether the subject accident constituted a proximate cause of her cervical spine injuries (*see Mazzotta v Vacca,* 289 AD2d 305; *Cacaccio v Martin,* 235 AD2d 384; *Waaland v Weiss,* 228 AD2d 435).

However, the Supreme Court correctly denied that branch of the defendant's motion which sought summary judgment dismissing the plaintiff's second cause of action to recover for damages to property (*see Yaraghi v Zeller,* 286 AD2d 765). Santucci, J.P., Smith, Goldstein, H. Miller and Mastro, JJ., concur.