■ ANDRZEJ PAJDA, Appellant, v NICHOLAS PEDONE et al., Respondents. [757 NYS2d 452] —In an action to recover damages for personal injuries and property damage, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated March 11, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the "third cause of action" to recover damages for property damage, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]). In opposition, the plaintiff failed to submit any medical proof that was contemporaneous with the accident showing any initial range of motion restrictions in his cervical spine (*see Lanza v Carlick,* 279 AD2d 613, 614 [2001]; *Passarelle v Burger,* 278 AD2d 294 [2000]; *Jimenez v Kambli,* 272 AD2d 581 [2000]). Furthermore, the plaintiff's expert failed to indicate his awareness that the plaintiff was suffering from arthritic changes in his spine, and therefore, his finding that the plaintiff's current restriction of motion was causally related to the subject accident was mere speculation (*see Ginty v MacNamara,* 300 AD2d 624 [2002]; *Narducci v McRae,* 298 AD2d 443 [2002]; *Kallicharan v Sooknanan,* 282 AD2d 573, 574 [2001]). Moreover, the plaintiff and his expert failed to explain a significant gap in treatment (*see Crespo v Kramer,* 295 AD2d 467 [2002]; *Gorbas v Dowgiallo,* 287 AD2d 690 [2001]; *Mejia v Thom,* 280 AD2d 528 [2001]).

However, the "third cause of action" to recover damages for property damage should not have been summarily dismissed (*see McCauley v Ross,* 298 AD2d 506 [2002]; *Yaraghi v Zeller,* 286 AD2d 765 [2001]). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.