■ STACEY MANZI et al., Appellants, v JULIANN LINDENLAUB et al., Respondents. [757 NYS2d 866] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated May 7, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Stacey Manzi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

Contrary to the plaintiffs' contention, the defendants did not waive the defense that the plaintiff Stacey Manzi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), by conceding liability (*see Zecca v Riccardelli,* 293 AD2d 31 [2002]).

Nevertheless, we conclude that the Supreme Court should have denied the defendants' motion. The affirmed report of the defendants' medical expert failed to set forth the objective tests he performed during his examination of the injured plaintiff, which led him to conclude that she suffered no restriction of motion in the cervical spine (*see Alexander v Felago,* 297 AD2d 762 [2002]; *Minlionica v Shahabi,* 296 AD2d 569 [2002]). Thus, we need not consider whether the plaintiffs' opposition to the motion was sufficient to raise a triable issue of fact (*see Chaplin v Taylor,* 273 AD2d 188 [2000]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.