■ JAMES A. AKINYEMI et al., Appellants, v OLCA KETTE et al., Respondents. [760 NYS2d 653] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited

by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated July 10, 2002, as granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motions are denied, and the complaint is reinstated.

The medical evidence submitted by the defendants failed to establish a prima facie case that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (see *Chaplin v Taylor,* 273 AD2d 188 [2000]; *Flanagan v Hoeg,* 212 AD2d 756, 757 [1995]). The affirmed report submitted by the defendants' expert orthopedist indicated that, nearly two years after the accident, the plaintiff Tina Adinnu exhibited no range of motion in her lumbar spine, upon extension. In addition, both of the defendants' medical experts failed to conclude that the plaintiff James A. Akemyeni's lumbar range of motion was normal when he was examined nearly two years after the accident. Since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, the sufficiency of the opposing papers need not be considered (see *Frasier v James,* 303 AD2d 717 [2003]). Ritter, J.P., Feuerstein, McGinity, Townes and Cozier, JJ., concur.