■ WANDA TAYLOR, Respondent, v DELL COFFEE SERVICES, LTD., Appellant, et al., Defendant. [761 NYS2d 324] —In an action to recover damages for personal injuries, the defendant Dell Coffee Services, Ltd., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated July 30, 2002, as denied that branch of its motion which was for judgment as a matter of law pursuant to CPLR 4401 on the ground that the plaintiff failed to establish a prima facie case that she sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 16, 1996, the plaintiff was injured when her vehicle was struck by a vehicle owned by the defendant Dell Coffee Services, Ltd. (hereinafter Dell). The parties subsequently entered into a stipulation in which Dell conceded its liability for the accident, and agreed to have the matter set down for a trial solely on the issue of damages. At the outset of the damages trial, the Supreme Court ruled that Dell's stipulation necessarily included a finding that the plaintiff had sustained a serious injury within the definition of Insurance Law § 5102 (d), and thus refused to submit this issue to the jury. After the jury returned a verdict in favor of the plaintiff, Dell moved for judgment as a matter of law pursuant to CPLR 4401 on the ground that the plaintiff failed to establish a prima facie case that she sustained a serious injury, or, in the alternative, for a new damages trial. The Supreme Court granted Dell's alternative request for a new trial, finding, based upon this Court's recent decision in *Zecca v Riccardelli* (293 AD2d 31 [2002]), that the stipulation conceding liability did not encompass the issue of serious injury.

In view of the procedural circumstances of this case, the Supreme Court properly concluded that Dell was entitled to a new trial rather than judgment as a matter of law. In granting Dell's alternative request for a new trial, the Supreme Court recognized that it erred in initially ruling that the stipulation conceding liability necessarily resolved the issue of serious

injury in favor of the plaintiff (*see Zecca v Riccardelli, supra*; *see also Manzi v Lindenlaub*, 304 AD2d 802 [2003]). However, since the Supreme Court's initial ruling prevented the plaintiff from fully developing the issue of whether she sustained a serious injury within the definition of the Insurance Law, a new trial is the appropriate remedy. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.