*330 In an action to recover damages for personal injuries, the defendant Michael Johnson appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated February 28, 2003, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant Michael Johnson, and the action against the remaining defendants is severed.
The appellant’s motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. The appellant established a prima facie case that the plaintiff’s injuries were not serious by submitting, inter alia, the affirmed medical report of his examining orthopedist, which stated that he examined her and found no objective evidence of disability (see Toure v Avis Rent A Car, 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The evidence submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact. The affidavit of the plaintiff’s treating chiropractor failed to specifically quantify any initial or subsequent loss of range of motion in the plaintiffs cervical and lumbar spines (see Ifrach v Neiman, 306 AD2d 380 [2003]; Pajda v Pedone, 303 AD2d 729 [2003]; Claude v Clements, 301 AD2d 554 [2003]; Kassim v City of New York, 298 AD2d 431 [2002]). Furthermore, the chiropractor did not discuss the nature and extent of his treatment of the plaintiff, or explain the significant gap between the plaintiffs initial six-month treatment period and the final examination (see Francis v Christopher, 302 AD2d 425 [2003]; Sambajon v Everett, 301 AD2d 510 [2003]; Gorbas v Dowgiallo, 287 AD2d 690 [2001]). Florio, J.E, Krausman, Luciano, Townes and Rivera, JJ., concur.