■ Paul Kupka et al., Respondents, v Kristen L. Emmerich, Appellant. [769 NYS2d 583]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated June 3, 2003, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff Paul Kupka did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant established a prima facie case that the plaintiff Paul Kupka (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject automobile accident on April 12, 1999. The defendant provided evidence that the plaintiff previously had injured his lumbar spine in an accident a year earlier when he fell from a ladder (*see McCauley v Ross,* 298 AD2d 506 [2002]; *Alexander v Felago,* 297 AD2d 762 [2002]; *Finkelshteyn v Harris,* 280 AD2d 579 [2001]).

In opposition to the motion, the plaintiff submitted the sworn affidavit of his treating chiropractor in which the chiropractor stated that the plaintiff was suffering from restriction of motion in his lumbar spine. However, the chiropractor did not address the fact that he knew about the prior accident, although he had treated the plaintiff for the back injury resulting therefrom. This treatment involving the plaintiff's lower back, the same area that is now at issue, was apparently ongoing for the year prior to the subject car accident, and included a visit one week before the subject car accident occurred. By failing to acknowledge this prior trauma and the back injury it caused, the chiropractor's finding that the plaintiff's current restriction of motion was causally related to the subject accident should not have been considered (*see Freese v Maffetone,* 302 AD2d 490 [2003]; *Kallicharan v Sooknanan,* 282 AD2d 573, 574 [2001]).

Accordingly, the defendant's motion for summary judgment should have been granted. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.