Anthony D'Alba, Appellant, v Yong-Ae Choi et al., Respondents. [823 NYS2d 423]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated April 1, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the plaintiff is directed to serve, within 10 days of service upon him of a copy of this decision and order, an amended bill

of particulars specifying the injuries, if any, he allegedly sustained as a result of the alleged assault and battery.

The defendants made a prima facie showing, via their submissions, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject car accident in August 2002 (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The findings contained in the affirmed medical report of the plaintiff's examining physician were not based on a recent examination of the plaintiff (*see Murray v Hartford*, 23 AD3d 629 [2005]; *Farozes v Kamran*, 22 AD3d 458 [2005]; *Batista v Olivo*, 17 AD3d 494 [2005]; *Constantinou v Surinder*, 8 AD3d 323 [2004]; *Kauderer v Penta*, 261 AD2d 365, 366 [1999]). The plaintiff's examining physician also failed to indicate an awareness that the plaintiff was involved in another accident which occurred two months after the instant one, in which he hurt his neck, lower back, and shoulder. Nor did the plaintiff's examining physician address the defendants' examining radiologist's finding attributing the condition of the plaintiff's cervical spine to degenerative processes. Thus, the findings of the plaintiff's examining physician that his cervical and lumbar spine and right shoulder injuries were caused by the subject accident are based on speculation (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Giraldo v Mandanici, supra*; *Allyn v Hanley*, 2 AD3d 470, 471 [2003]; *Ifrach v Neiman*, 306 AD2d 380 [2003]; *Lorthe v Adeyeye*, 306 AD2d 252, 253 [2003]; *Pajda v Pedone*, 303 AD2d 729, 730 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]).

Furthermore, neither the plaintiff nor his treating physician adequately explained why the plaintiff ceased therapeutic treatment in October 2002 (*see Pommells v Perez*, 4 NY3d 566 [2005]). The plaintiff also failed to proffer competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the accident (*see Mohamed v Siffrain*, 19 AD3d 561, 562 [2005]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498 [1998]). Therefore, the court properly dismissed the plaintiff's first cause of action alleging serious injury as a result of the subject car accident.

However, the plaintiff's second cause of action to recover damages for assault and battery, which allegedly occurred immediately after the subject car accident, should not have been summarily dismissed (*cf. Pajda v Pedone, supra*; *McCauley v*

*Ross*, 298 AD2d 506, 507 [2002]; *Yaraghi v Zeller*, 286 AD2d 765 [2001]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.