■ MARITINIA WHITFIELD-FORBES, Appellant, v ANDREA PAZMINO et al., Respondents. [829 NYS2d 583]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered December 8, 2005, as granted the motion of the defendants Andrea Pazmino and Ron Chen for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and granted that branch of the cross motion of the defendants Financial Leasing Co., Inc., Harold Povodnick, and Wendy's International, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs to the defendants Andrea Pazmino and Ron Chen.

The defendants satisfied their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The findings contained in the affirmed medical report of the plaintiff's treating physician, Dr. Genato, were not based on a recent examination of the plaintiff (see *D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Gomez v Epstein*, 29 AD3d 950 [2006]; *Legendre v Bao*,

29 AD3d 645, 646 [2006]). The limitations in the plaintiff's rotational movement of her cervical spine, as noted in the affirmed medical reports of the plaintiff's other treating physician, Dr. Ledon, were of an insignificant nature (*see Mendes v Codianni*, 8 AD3d 636, 637 [2004]; *Hammerling v Korn*, 8 AD3d 227, 228 [2004]; *Trotter v Hart*, 285 AD2d 772, 773 [2001]). The affirmation of the plaintiff's treating radiologist, which set forth the results of the plaintiff's cervical spine magnetic resonance imaging, did not, alone, raise a triable issue of fact as to whether she sustained a serious injury (*see Mejia v DeRose*, 35 AD3d 407 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Bravo v Rehman*, 28 AD3d 694, 695 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 50 [2005]; *Diaz v Turner*, 306 AD2d 241, 242 [2003]). The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Mejia v DeRose, supra*; *Kearse v New York City Tr. Auth., supra*; *Diaz v Turner, supra*). In the absence of such admissible objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether she sustained a serious injury (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Ramirez v Parache*, 31 AD3d 415, 416 [2006]).

The plaintiff failed to proffer competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the accident (*see D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Crane, J.P., Mastro, Santucci, Lifson and Angiolillo, JJ., concur.