■ MARIA UMANZOR, Appellant, v CESAR L. PINEDA et al., Respondents. [834 NYS2d 218]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Weber, J.), dated February 28, 2006, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants, who relied on the same evidentiary submissions, satisfied their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's treating chiropractor failed to proffer objective medical evidence that was contemporaneous with the subject accident (*see Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Bell v Rameau*, 29 AD3d 839 [2006]; *Ranzie v Abdul-Massih*, 28 AD3d 447, 448 [2006]; *Li v Woo Sung Yun*, 27 AD3d 624, 625 [2006]), and did not indicate that he reviewed the actual MRI films from 2002 (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). The affirmation of the plaintiff's examining radiologist merely acknowledged the existence of herniated discs in the plaintiff's cervical spine and failed to address the affirmed medical report of the examining radiologist of the defendants Martha A. Zelada and Jose J. Trejo, which noted the existence of a long-standing degenerative disc disease. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Whitfield-Forbes v Pazmino*, 36 AD3d 901 [2007]; *Mejia v DeRose*, 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]; *Diaz v Turner*, 306 AD2d 241 [2003]). Since the plaintiff relied on no other objective medical evidence, the mere existence of herniated discs did not raise a triable issue as to whether she suffered a serious injury. Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.