■ NORMA G. COTTO et al., Respondents, v JND CONCRETE & BRICK, INC., et al., Appellants. [837 NYS2d 728]—

In an action to recover damages for personal injuries and property damage, etc., the defendants appeal from an order of the Supreme Court, Richmond County (Gigante, J.), dated July 19, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Norma G. Cotto did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first and second causes of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendants.

The defendants satisfied their prima facie burden of showing that the plaintiff Norma G. Cotto (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' evidence was comprised, inter alia, of unsworn medical reports (*see Grasso v Angerami,* 79 NY2d 813, 814 [1991]; *Pagano v Kingsbury,* 182 AD2d 268, 270 [1992]), and the affirmation of the injured plaintiff's physician, which incorporated by reference, among other things, certain reports dated October 10, 2005 and March 10, 2006. It appears that the range of motion findings that were set forth in the October 10, 2005 report were not based on a recent examination of the injured plaintiff (*see Whitfield-Forbes v Pazmino,* 36 AD3d 901 [2007]; *Olson v Russell,* 35 AD3d 684 [2006]). The March 10, 2006 report failed to compare the findings to the normal range of motion (*see Caracci v Miller,* 34 AD3d 515 [2006]). The injured plaintiff's physician improperly relied upon the unsworn medical reports and studies prepared by other doctors (*see Merisca v Alford,* 243 AD2d 613, 614 [1997]; *Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]).

Moreover, the plaintiffs' claim that the injured plaintiff was unable to perform substantially all of her daily activities for not

less than 90 out of the first 180 days as a result of the subject accident was unsupported by competent medical evidence (*see D'Alba v Yong-Ae Choi*, 33 AD3d 650, 651 [2006]; *Murray v Hartford*, 23 AD3d 629, 629-630 [2005]). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the causes of action to recover damages for personal injuries and for loss of services should have been granted.

The Supreme Court, however, properly denied that branch of the defendants' motion which was for summary judgment dismissing the third cause of action to recover for property damage (*see Pajda v Pedone*, 303 AD2d 729, 730 [2003]; *Mc-Cauley v Ross*, 298 AD2d 506, 507 [2002]; *Yaraghi v Zeller*, 286 AD2d 765 [2001]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.