■ Leonard R. Sibrizzi, Appellant, v Pamela K. Davis, Respondent. [776 NYS2d 843]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated August 22, 2003, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The affirmation of the plaintiff's physician submitted in opposition to the defendant's motion was insufficient to raise a triable issue of fact. The affirmation was too conclusory to establish that any of the identified limitations in movement were of a significant nature, and neither the physician nor the plaintiff offered a satisfactory explanation for the 2½ year gap between the end of the plaintiff's medical treatments and the physician's examination, during which time the plaintiff was gainfully employed installing and servicing commercial oil and gas burners.

Moreover, the plaintiff failed to submit any competent medical evidence supporting his claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days following the subject accident as a result of that accident (*see Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]; *Greene v Miranda,* 272 AD2d 441, 442 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint was properly granted. Prudenti, P.J., Florio, H. Miller, Schmidt and Cozier, JJ., concur.