■ DIANE M. HOWELL, Appellant, v EDWARD P. REUPKE et al., Respondents. [790 NYS2d 703]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 17, 2004, which granted the respective motions of the defendants Edward P. Reupke and Robert J. Kaiser for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and, upon searching the record, awarded summary judgment to the defendant Rafael A. Mascol, dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

Contrary to the plaintiff's contentions, the respondents made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The mere existence of a bulging or herniated disc is not conclusive evidence of a serious injury in the absence of any objective evidence of a related disability or restriction (*see Guzman v Michael Mgt.,* 266 AD2d 508, 509 [1999]), particularly where, as here, a defendant submits proof that the plaintiff had a full range of motion in his or her cervical and lumbar spines, had no ongoing orthopedic or neurologic disabilities, and was capable of fully performing her normal daily work and living activities (*see Duldulao v City of New York,* 284 AD2d 296, 297 [2001]; *Foley v Karvelis,* 276 AD2d 666, 667 [2000]).

Moreover, the plaintiff's submissions were insufficient to raise a triable issue of fact as neither of her physicians made a causal connection between the alleged herniations and the subject motor vehicle accident (*see Gilroy v Duncombe,* 274 AD2d 548 [2000]). In addition, the plaintiff failed to proffer any satisfactory explanation for the nearly four-year gap between the conclusion of her medical treatments and her re-examination by

her treating physician (*see Jimenez v Kambli*, 272 AD2d 581, 582 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]), and there is nothing in the report of her treating physician to indicate that he took into account the fact that she had injured her neck and back in prior and subsequent accidents (*see e.g. Dimenshteyn v Caruso*, 262 AD2d 348 [1999]).

Finally, the plaintiff did not submit any competent medical evidence that she was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days after the accident as a result of the accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200 [2000]; *Greene v Miranda*, 272 AD2d 441 [2000]; *Arshad v Gomer*, 268 AD2d 450 [2000]; *Bennett v Reed*, 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the respective motions for summary judgment dismissing the complaint were properly granted, and, upon searching the record, the Supreme Court properly awarded summary judgment to the defendant Rafael A. Mascol, dismissing the complaint insofar as asserted against him. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.