■ STANLEY KIVLAN, Respondent, v LOUIS ACEVEDO et al., Defendants, and ALEEM MAHMOOD, Appellant. [792 NYS2d 573]—

In an action to recover damages for personal injuries, the defendant Aleem Mahmood appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 22, 2004, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The affirmations of the appellant's medical experts—a neurologist, an orthopedist, and a radiologist—were sufficient to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The plaintiff did not adduce "competent, admissible medical evidence," based on objective findings, sufficient to raise a triable issue of fact that he sustained a serious injury (*McLoyrd v Pennypacker,* 178 AD2d 227, 228 [1991]). The affirmation of the plaintiff's examining physician failed to set forth the tests that he used to arrive at his conclusions that the plaintiff suffered a loss in the range of motion of his right knee and cervical spine (*see Kauderer v Penta,* 261 AD2d 365 [1999]; *Carroll v Jennings,* 264 AD2d 494 [1999]). In addition, it is apparent from the physician's affirmation that the physician improperly relied on unsworn reports from outside sources (*see Friedman v U-Haul Truck Rental,* 216 AD2d 266 [1995]).

Moreover, it is well settled that even medical opinions based upon subjective complaints of pain or headaches are insufficient to establish "serious injury" (*see Barrett v Howland,* 202 AD2d 383 [1994]; *LeBrun v Joyner,* 195 AD2d 502 [1993]; *Coughlan v Donnelly,* 172 AD2d 480 [1991]). The plaintiff failed to submit any objective medical evidence that would show that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days immediately following the subject accident as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200 [2000]; *Greene v Miranda,* 272 AD2d 441 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *Bennett v Reed,* 263 AD2d 800 [1999]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]).

Accordingly, the appellant was entitled to summary judgment in his favor dismissing the complaint insofar as asserted against him. Prudenti, P.J., Schmidt, Santucci, Luciano and Spolzino, JJ., concur.