(April 18, 2005)

■ MARIA BATISTA et al., Appellants, v MARINO S. OLIVO et al., Respondents. [795 NYS2d 54]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated March 4, 2004, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

In support of their separate motions for summary judgment, the defendants submitted the deposition testimony of the plaintiffs (see Hodges v Jones, 238 AD2d 962 [1997]), as well as the affirmed medical reports (see Pagano v Kingsbury, 182 AD2d 268, 270 [1992]; Gleason v Huber, 188 AD2d 581 [1992]) of an orthopedist, a neurologist, and a radiologist, demonstrating that neither of the plaintiffs sustained a serious injury (see Insurance Law § 5102 [d]) as a result of the subject automobile accident. This evidence was sufficient to establish a prima facie case for the defendants (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]).

The plaintiffs therefore were required to come forward with objective medical findings based on a recent examination verifying their subjective complaints of pain and limitations of motion (see Kauderer v Penta, 261 AD2d 365 [1999]; Carroll v Jennings, 264 AD2d 494 [1999]). Moreover, any significant lapse of time between the conclusion of the medical treatments of the plaintiffs after the accident and the physical examination conducted by the plaintiffs' expert had to be adequately explained (see Smith v Askew, 264 AD2d 834 [1999]). Neither the plaintiffs nor their examining physician offered any explanation or discussion concerning the approximately 2½-year gap between the conclusion of their physical therapy treatments and the date of the examination (see Jimenez v Kambli, 272 AD2d 581 [2000]; Smith v Askew, supra).

Finally, neither plaintiff submitted any medical evidence to raise a triable issue of fact as to their inability to perform substantially all of their daily activities for not less than 90 of the first 180 days subsequent to the accident (see Sainte-Aime v Ho, 274 AD2d 569 [2000]; Arshad v Gomer, 268 AD2d 450

[2000]; *DiNunzio v County of Suffolk*, 256 AD2d 498, 499 [1998]).

Accordingly, the defendants were entitled to summary judgment dismissing the complaint. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.