■ MICHAEL YOUNG et al., Appellants, v PEDRO V. GONZALEZ, Respondent. [796 NYS2d 125]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated August 4, 2004, which granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff Michael Young did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The deposition testimony of the plaintiff Michael Young (hereinafter the injured plaintiff) and medical records, as well as the affirmed medical report of the defendant's examining physician submitted by the defendant in support of his cross motion for summary judgment, were sufficient to establish a prima facie showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v*

*Eyler*, 79 NY2d 955 [1992]). The medical evidence submitted by the plaintiffs in opposition was based upon examinations which took place immediately after the accident, some 3¹/₂ years before the motion and cross motion for summary judgment (*see Kauderer v Penta*, 261 AD2d 365, 366 [1999]). In addition, the affidavit of the injured plaintiff's chiropractor, which was based on a more recent examination, failed to adequately explain the lapse in time (*see Smith v Askew*, 264 AD2d 834 [1999]; *Carroll v Jennings*, 264 AD2d 494, 495 [1999]), and obviously was based mainly upon the injured plaintiff's subjective complaints of pain (*see Barrett v Howland*, 202 AD2d 383, 384 [1994]; *LeBrun v Joyner*, 195 AD2d 502 [1993]). Moreover, there was no competent medical evidence indicating that the injured plaintiff was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]).

Accordingly, the defendant was entitled to summary judgment dismissing the complaint. In light of this determination, we need not reach the plaintiffs' remaining contention. Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.