■ MICHAEL TEODORU et al., Appellants, v CONWAY TRANSPORT SERVICE, INC., et al., Respondents. [798 NYS2d 466]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated November 19, 2003, as granted the separate motions of the defendants Conway Transport Service, Inc., and Franklin Crane, and the defendant Juan C. Quintero, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Michael Teodoru did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants made a prima facie showing that the plaintiff Michael Teodoru (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' examining orthopedist and neurologist both reported that the plaintiff had no disability, and that he was able to perform all of his normal activities of work and daily living. The defendants' remaining evidence, including an affirmed report by their radiologist, and the plaintiff's own deposition testimony and medical records, also supported a finding that the plaintiff did not sustain a serious injury (*see Nozine v Sav-On Car Rentals*, 15 AD3d 555 [2005]; *Sims v Megaris*, 15 AD3d 468 [2005]).

In opposition, the affirmation of the plaintiff's physician was insufficient to raise a triable issue of fact. No explanation or discussion was made for the lapse of over 2½ years between the physician's last examination of the plaintiff in October 2000 and the re-examination in July 2003 (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Jimenez v Kambli*, 272 AD2d 581, 582 [2000]; *Smith v Askew*, 264 AD2d 834 [1999]). Moreover, while the physician indicated that the plaintiff had restrictions of range of motion in his cervical spine, he failed to set forth the objective tests that he used to arrive at this conclusion (*see Kauderer v Penta*, 261 AD2d 365, 366 [1999]).

Finally, the plaintiff failed to demonstrate that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days immediately following the accident as a result thereof (*see Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *Greene v Miranda*, 272 AD2d 441, 442 [2000]; *Arshad v Gomer*, 268 AD2d 450, 450-451 [2000]; *Bennett v Reed*, 263 AD2d 800, 801 [1999]).

Accordingly, the Supreme Court properly granted the motions for summary judgment dismissing the complaint. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.