■ SHAIKH S. ALI, Respondent, v CARLOS J. VASQUEZ et al., Appellants. [797 NYS2d 528]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated May 7, 2004, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the affirmed medical reports of their examining neurologist and orthopedist (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Howell v Reupke,* 16 AD3d 377 [2005]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Meely v 4 G's Truck Renting Co., Inc.,* 16 AD3d 26 [2005]). The plaintiff was thus required to come forward with objective medical evidence, based upon a recent examination, to verify his subjective complaints of pain and limitation of motion (*see Batista v Olivo,* 17 AD3d 494 [2005]; *Isakov v Day,* 15 AD3d 622 [2005]). Moreover, any significant lapse in time between the conclusion of the plaintiff's medical treatment and the physical examination conducted by his physician had to be adequately explained (*see Batista v Olivo, supra*; *Jimenez v Kambli,* 272 AD2d 581 [2000]). The affirmed report of the plaintiff's physician, which was based upon an examination conducted six years after the accident and did not explain a lengthy gap in treatment, was insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury (*see Batista v Olivo, supra*; *Pommells v Perez,* 4 NY3d 566 [2005]; *Howell v Reupke, supra*; *Guzman v New York City Tr. Auth.,* 15 AD3d 541 [2005]; *Kearse v New York City Tr. Auth., supra*).

In addition, the plaintiff's submissions failed to raise a triable issue of fact as to whether he was unable to perform substantially all of his daily activities for not less than 90 of the 180 days immediately following the accident (*see Batista v Olivo, supra*; *Howell v Reupke, supra*; *Kearse v New York City Tr. Auth., supra*). Krausman, J.P., Crane, Rivera and Fisher, JJ., concur.