■ Tony Farozes, Appellant, v Mohammad Kamran et al., Respondents. [802 NYS2d 706]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Satterfield, J.), dated August 30, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of his deposition testimony and the affirmed medical reports of their examining orthopedist and neurologist (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Mohamed v Siffrain*, 19 AD3d 561 [2005]; *Teodoru v Conway Transp. Serv., Inc.*, 19 AD3d 479 [2005]). The defendants' physicians examined the plaintiff approximately four years after the accident, and reported that he suffered from no orthopedic or neurological disability or impairment. The plaintiff was thus required to come forward with objective medical evidence, based upon a recent examination, to verify his subjective complaints of pain and limitation of motion (*see Ali v Vasquez*, 19 AD3d 520 [2005]; *Batista v Olivo*, 17 AD3d 494 [2005]; *Isakov v Day*, 15 AD3d 622 [2005]). Moreover, any significant lapse in time between the conclusion of the plaintiff's medical treatment and the physical examination conducted by his physician had to be adequately explained (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Ali v Vasquez, supra*; *Batista v Olivo, supra*). The affirmed reports of the plaintiff's physicians, which stated that he had a "diminished cervical spine range of motion" without indicating what tests were used to arrive at this conclusion, and which offered no explanation for a lengthy gap in treatment, were insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury (*see Pommells v Perez, supra*; *Teodoru*

*v Conway Transp. Serv., Inc., supra*; *Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.,* 18 AD3d 741 [2005]; *Batista v Olivo, supra*).

In addition, the plaintiff's submissions failed to raise a triable issue of fact as to whether he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days immediately following the accident (*see Ali v Vasquez, supra*; *Young v Gonzalez,* 19 AD3d 408 [2005]; *Batista v Olivo, supra*). Florio, J.P., Crane, Krausman, Rivera and Fisher, JJ., concur.