■ BETSEY HERNANDEZ, Appellant, v DIVA CAB CORP. et al., Respondents. [804 NYS2d 396]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated June 30, 2004, as granted the motion of the defendants DIVA Cab Corp. and Fida Sheikh and the separate motion of the defendants Park Slope Leasing Corp. and Eng Kong Tan for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants Park Slope Leasing Corp. and Eng Kong Tan.

Contrary to the plaintiff's contentions, the defendants' submissions in support of their separate motions for summary judgment, i.e., a copy of the plaintiff's deposition testimony, her medical records and the affirmed reports of the defendants' examining physicians, were sufficient to make a prima facie showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Luckey v Bauch*, 17 AD3d 411 [2005]; *Paul v Trerotola*, 11 AD3d 441 [2004]; *Mastaccioula v Sciarra*, 11 AD3d 434 [2004]). The affirmation of the plaintiff's physician was insufficient to raise a triable issue of fact since it referred to findings made during examinations performed approximately two years earlier and did not indicate that the opinion expressed therein was based upon any recent medical examination (*see Kauderer v*

*Penta,* 261 AD2d 365 [1999]; *see also Constantinou v Surinder,* 8 AD3d 323 [2004]; *Frier v Teague,* 288 AD2d 177 [2001]; *Mohamed v Dhanasar,* 273 AD2d 451 [2000]). Moreover, it is well settled that the mere existence of a bulging disc is not conclusive evidence of a serious injury in the absence of objective evidence of a related disability or restriction (*see Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]; *Fauk v Jenkins,* 301 AD2d 564 [2003]; *cf. Pommells v Perez,* 4 NY3d 566 [2005]).

In this case, despite the fact that the plaintiff claimed at her deposition that she was in bed for one and one-half months and stayed at home for three months following the accident, and was unable to look for a job after the accident, there was no competent medical evidence indicating that she was unable to perform substantially all of her daily activities for not less than 90 out of the first 180 days as a result of the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]; *cf. Davis v New York City Tr. Auth.,* 294 AD2d 531 [2002]).

Accordingly, the defendants were entitled to summary judgment in their favor dismissing the complaint. Cozier, J.P., Santucci, Luciano, Fisher and Covello, JJ., concur.