■ XIAOWEN FENG et al., Appellants, v NEW YORK CITY TRANSIT et al., Respondents. [804 NYS2d 276]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated April 23, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Xiaowen Feng did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, without costs or disbursements.

The defendants made a prima facie showing that the plaintiff Xiaowen Feng did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Batista v Olivo*, 17 AD3d 494 [2005]; *Grant v Fofana*, 10 AD3d 446 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the plaintiff Xiaowen Feng sustained a serious injury, since they failed to submit competent medical evidence in admissible form (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Fisher v Williams*, 289 AD2d 288, 289 [2001]; *see also Luckey v Bauch*, 17 AD3d 411 [2005]; *Kivlan v Acevedo*, 17 AD3d 321, 322 [2005]).

Accordingly, the Supreme Court properly granted the motion for summary judgment dismissing the complaint. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.