■ PARESHEURAM MAHABIR, Appellant, v JAMALUDDIN ALLY et al., Respondents. [812 NYS2d 556]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), dated September 23, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the affirmed medical reports of their examining neurologist and orthopedist (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). The plaintiff was thus required to come forward with objective medical evidence to verify his subjective complaints of pain and limitation of motion (*see Farozes v Kamran*, 22 AD3d 458 [2005]; *Batista v Olivo*, 17 AD3d 494 [2005]). Moreover, any significant lapse in time between the conclusion of the plaintiff's medical treatment and the physical examination conducted by his physician had to be adequately explained (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Batista v Olivo, supra*). The affirmation of the plaintiff's physician, which offered no explanation for a lengthy gap in treatment, was insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury (*see Pommells v Perez, supra*; *Bailey v Ichtchenko*, 11 AD3d 419, 420 [2004]).

Furthermore, the plaintiff's submissions failed to raise a triable issue of fact as to whether he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days immediately following the accident (*see Farozes v Kamran, supra*; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.