■ ROSANNA TUDISCO et al., Respondents, v WILLIE JAMES, Appellant. [813 NYS2d 482]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated May 19, 2005, which denied his mo-

tion for summary judgment dismissing the complaint on the ground that the plaintiff Rosanna Tudisco did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant made a prima facie showing that the injured plaintiff Rosanna Tudisco (hereinafter the injured plaintiff), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of evidence including her deposition testimony and the affirmed medical reports of the defendant's examining physicians (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The plaintiffs thus were required to come forward with objective medical evidence, based upon a recent examination, to verify the injured plaintiff's subjective complaints of pain and limitation of movement (*see Farozes v Kamran,* 22 AD3d 458 [2005]; *Ali v Vasquez,* 19 AD3d 520 [2005]). Neither the report of the injured plaintiff's chiropractor nor the report of her neurologist was sufficient to sustain this burden, since both reports were based upon examinations conducted over one year before the defendant moved for summary judgment (*see Murray v Hartford,* 23 AD3d 629 [2005]; *Brown v Tairi Hacking Corp.,* 23 AD3d 325 [2005]; *Hernandez v DIVA Cab Corp.,* 22 AD3d 722 [2005]; *Farozes v Kamran, supra*). Although the plaintiffs also submitted the affirmed report of a physician who examined the injured plaintiff more recently, that physician did not indicate that the injured plaintiff had sustained a fall and injured her neck approximately three months after the subject accident, and did not address the fact that the magnetic resonance imaging test upon which he relied showed degenerative changes in her cervical spine. Under these circumstances, his conclusion that the injured plaintiff's injuries were causally related to the subject accident was speculative (*see Allyn v Hanley,* 2 AD3d 470 [2003]; *Ifrach v Neiman,* 306 AD2d 380 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]; *see also Brown v Tairi Hacking Corp., supra*). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.