■ MICHELE M. OLIVA, Respondent, v GARRISON GROSS et al., Appellants. [816 NYS2d 110]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 20, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). To defeat the defendants' motion, the plaintiff was required to come forward with competent admissible medical evidence, based on a recent examination and objective findings, sufficient to verify her subjective complaints of pain and limitation of motion (*see Farozes v Kamran*, 22 AD3d 458 [2005]; *Ali v Vasquez*, 19 AD3d 520 [2005]; *Batista v Olivo*, 17 AD3d 494 [2005]). The plaintiff failed to meet her burden in opposition to the defendants' prima facie showing as she submitted only the affirmation of her counsel, which was not based on any personal knowledge of the facts, a copy of her own deposition testimony, a copy of a motor vehicle accident report, and color photographs of her damaged vehicle.

Moreover, the plaintiff failed to submit any medical evidence that she was unable to perform substantially all of her daily

activities for not less than 90 of the first 180 days immediately following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]).

Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment. Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.