■ Jaques Bycinthe, Respondent, v Koulla Kombos et al., Appellants, et al., Defendant. [815 NYS2d 693]—

In an action to recover damages for personal injuries, the defendants Koulla Kombos and Stavros Modinos appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 10, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the appellants.

Contrary to the plaintiff's contention, the appellants offered a satisfactory explanation for the delay in making their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see CPLR 3212 [a]; Brill v City of New York, 2 NY3d 648 [2004]).

On the merits, the appellants made their prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; see also Giraldo v Mandanici, 24 AD3d 419 [2005]; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's examining physician, who examined the plaintiff in November 2004, was without probative value in opposition to the appellants' motion since the physician relied upon the unsworn and unaffirmed medical reports of others in coming to his conclusions (see Mahoney v Zerillo, 6 AD3d 403 [2004]; Friedman v U-Haul Truck Rental, 216 AD2d 266 [1995]). Furthermore, the plaintiff's examining physician failed to ad-

dress in his affirmation the findings made by the appellants' radiologist that the disc bulge in the plaintiff's lumbar spine was the result of degeneration. Therefore, his conclusion that the plaintiff's injuries were caused by the subject accident was sheer speculation (*see Giraldo v Mandanici, supra; Ifrach v Neiman,* 306 AD2d 380 [2003]; *Lorthe v Adeyeye,* 306 AD2d 252 [2003]). The plaintiff relied upon the unaffirmed medical reports of his treating physician, but those too were without probative value in opposing the appellants' motion (*see Hernandez v Taub,* 19 AD3d 368 [2005]; *Pagano v Kingsbury,* 182 AD2d 268 [1992]). The plaintiff further failed to adequately explain the lengthy gap in treatment between 2001 and when he was examined in 2004 in response to the appellants' motion for summary judgment (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Batista v Olivo,* 17 AD3d 494 [2005]; *Barnes v Cisneros,* 15 AD3d 514 [2005]; *Sibrizzi v Davis,* 7 AD3d 691 [2004]).

Furthermore, the plaintiff failed to submit any competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days immediately following the subject accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.