■ JUAN GOMEZ, Appellant, v REBECCA EPSTEIN et al., Respondents. [818 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated March 9, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the defendants established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]; Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]). The Supreme Court properly determined that the plaintiff's submissions in opposition to the motion failed to raise a triable issue of fact. The affirmed medical report of the plaintiff's treating physician was not based on a recent examination (see Farozes v Kamran, 22 AD3d 458 [2005]; Batista v Olivo, 17 AD3d 494 [2005]; Silkowski v Alvarez, 19 AD3d 476 [2005]; Constantinou v Surinder, 8 AD3d 323 [2004]). The affirmed medical report of the plaintiff's examining orthopedist was insufficient because it failed to address the finding of a radiologist, submitted in support of the defendants' motion, that the condition of the plaintiff's lumbar spine was the result of degeneration. This rendered speculative the orthopedist's opinion that the plaintiff's lumbar spine condition was caused by the subject accident (see Giraldo v Mandanici, 24 AD3d 419 [2005]; Lorthe v Adeyeye, 306 AD2d 252 [2003]; Ginty v MacNamara, 300 AD2d 624 [2002]). Moreover, the plaintiff failed to adequately explain a lengthy gap in his treatment between 2001 and when he was last examined in 2005 (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Batista v Olivo, supra; Barnes v Cisneros, 15 AD3d 514 [2005]).

Finally, the plaintiff failed to proffer competent medical evidence that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days

subsequent to the accident (*see Sainte-Aime v Ho,* 274 AD2d 569 [2000]; *Arshad v Gomer,* 268 AD2d 450 [2000]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.