■ ALVIN RUDDOCK et al., Appellants, v BOLAND RENTALS, INC., et al., Defendants and Third-Party Plaintiffs-Respondents. HARDESTY & HANOVER et al., Third-Party Defendant-Respondent. [819 NYS2d 81]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated August 13, 2004, which granted the respective motions of the defendants, the third-party defendant, and the second third-party defendant for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The respondents made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether their injuries were causally related to the accident of November 19, 1996 (*see Sibrizzi v Davis,* 7 AD3d 691 [2004]), or whether they were unable to perform substantially all of their daily activities for not less than 90 of the first 180 days immediately following the accident (*see Sibrizzi v Davis, supra*; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Schmidt, J.P., Krausman, Mastro and Lunn, JJ., concur.