■ HECTOR BURGOS, Plaintiff, and SONIA TORIBIO, Respondent, v RAMON VARGAS, Defendant, and WILFREDO TORRES et al., Appellants. [822 NYS2d 297]—

In an action to recover damages for personal injuries, the defendants Wilfredo Torres and Nelson Garabito appeal from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated August 1, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sonia Toribio against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sonia Toribio against the appellants is granted.

Contrary to the Supreme Court's determination, the appellants made a prima facie showing of their entitlement to summary judgment dismissing the complaint insofar as asserted by the plaintiff Sonia Toribio (hereinafter the plaintiff) against them. The finding in the affirmed report of the appellants' examining orthopedist that the plaintiff had full range of motion in the cervical and lumbar regions of her spine, which was supported by quantified test results, was sufficient to demonstrate that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Aponte v Tusa,* 28 AD3d 407 [2006]; *Kerzhner v N.Y. Ubu Taxi Corp.,* 17 AD3d 410 [2005]; *Gocs v Diaz,* 17 AD3d 313 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's examining physician Gregory Perrier was without probative value because it was unsigned, and thus not properly subscribed and affirmed by him (*see* CPLR 2106; *Matter of American Sec. Ins. Co. v Austin,* 110 AD2d 697 [1985]; *see also Vishnevsky v Glassberg,* 29 AD3d 680 [2006]; *Hernandez v Taub,* 19 AD3d 368 [2005]). Moreover, the remaining reports upon which the plaintiff relied were not based upon recent examinations (*see Gomez v Epstein,* 29 AD3d 950 [2006]; *Legendre v Bao,* 29 AD3d 645 [2006]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Farozes v Kamran,* 22 AD3d 458 [2005]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.