■ MORGAN HASNER, Respondent, v CATHERINE M. BUDNIK et al., Appellants, and GEMINI TRAFFIC SALES et al., Respondents.

(Action No. 1.) VIVIENNE HASNER et al., Respondents, v CATHER-INE M. BUDNIK et al., Appellants, and PHILLIP G. BARBIERI et al., Respondents. (Action No. 2.) [826 NYS2d 387]—

In two related actions to recover damages for personal injuries, etc., (1) the defendants Leslie L. Ross and Kevin R. Ross appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated July 21, 2005, as denied their motion for summary judgment dismissing the complaint and all cross-claims in action No. 2 insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d), and granted the separate motions by the defendants Phillip G. Barbieri and Gemini Traffic Sales, and Sherryl Burman, for summary judgment dismissing the complaints and all cross claims in both actions insofar as asserted against them, and by the defendant Steven Hasner for summary judgment dismissing the complaint and all cross claims in action No. 1 insofar as asserted against him; and (2) the defendant Catherine M. Budnik separately appeals from so much of the same order as denied her separate motion for summary judgment dismissing the complaint and all cross claims in action No. 2 insofar as asserted against her on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal from so much of the order as granted the separate motions of the defendants Philip Barbieri and Gemini Traffic Sales, and Sherryl Burman, and the defendant Steven Hasner for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is dismissed as academic; and it is further

Ordered that the order is reversed insofar as reviewed, on the law, the separate motions of the defendants Leslie L. Ross and Kevin R. Ross and the defendant Catherine M. Budnik for summary judgment dismissing the complaint and all cross claims in action No. 2 insofar as asserted against those defendants are granted; and it is further,

Ordered that one bill of costs is awarded to the appellants, appearing separately and filing separate briefs, payable by the plaintiffs in action No. 2.

The appellants demonstrated prima facie, through the affirmed reports of their medical experts and supporting documentation, that neither plaintiff in action No. 2 sustained a serious injury within the meaning of Insurance Law § 5102 (d), since

those reports supported the conclusion that each plaintiff experienced only various sprains and strains which had since resolved (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). Moreover, the testimonial admissions of both plaintiffs in action No. 2 that, in the year following the accident, they each had missed fewer than 10 days of work as a result of the accident, undermined their respective claims that their injuries prevented them from performing substantially all of the material acts constituting their customary daily activities during at least 90 out of the first 180 days following the accident (*see Chinnici v Brown*, 295 AD2d 465 [2002]; *Letellier v Walker*, 222 AD2d 658 [1995]). In opposition, the plaintiffs in action No. 2 failed to raise a triable issue of fact as to whether they suffered serious physical injury within the meaning of Insurance Law § 5102 (d). Neither the plaintiffs nor their medical expert adequately explained the 4 1/2-year gap in office visits on the part of the plaintiff Vivienne Hasner, or the 5 1/2-year gap on the part of the plaintiff Steven Hasner; nor did they set forth the treatment, if any, which the plaintiffs in action No. 2 may have received during those periods (*see Pommells v Perez*, 4 NY3d 566 [2005]; *Connors v Flaherty*, 32 AD3d 891 [2006]; *Gomez v Epstein*, 29 AD3d 950 [2006]; *Bycinthe v Kombos*, 29 AD3d 845 [2006]).

In view of the foregoing determination, the challenge of the appellants Leslie L. Ross and Kevin R. Ross to the Supreme Court's award of summary judgment in favor of the defendants Phillip G. Barbieri and Gemini Traffic Sales, Sherryl Burman and Steven Hasner has been rendered academic, and we need not review that portion of the order appealed from. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.