■ MELINA DAWN CHAN, Respondent, v ANTONIO CASIANO, Appellant. (And a Third-Party Action.) [828 NYS2d 173]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 7, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury to her left knee within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed medical report of the plaintiff's examining neurologist established that the plaintiff had full range of motion of the left knee, the left knee was stable, and showed no evidence of effusion. While the plaintiff submitted a radiologist's report which suggested a meniscus tear in March 2001, the report failed to indicate that

this tear was caused by the subject accident. The plaintiff's orthopedist failed to offer objective medical proof showing a significant impairment of a body function caused by this injury. Neither the plaintiff nor her examining physician adequately explained the 4½-year gap in treatment between the conclusion of the plaintiff's medical treatment in 2002 and the physical examination conducted in January 2006 in response to the defendant's summary judgment motion (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *see also D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Gomez v Epstein*, 29 AD3d 950 [2006]), or that the alleged meniscus tear was unresolved or objectively manifest at the time of the present examination. Crane, J.P., Mastro, Santucci and Lifson, JJ., concur.