JUDITH CERVINO et al., Appellants, v W. GLADYSZ-STELIGA et al., Respondents. [829 NYS2d 169]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 25, 2005, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. The separate affidavits of the plaintiffs' treating chiropractor were insufficient to raise a triable issue of fact as to whether any of the plaintiffs sustained a

serious injury within the meaning of the no-fault statute as a result of the subject accident since neither he, nor the plaintiffs, adequately explained the plaintiffs' respective five-year gaps in treatment (*see Pommells v Perez*, 4 NY3d 566 [2005]; *see also D'Alba v Yong-Ae Choi*, 33 AD3d 650 [2006]; *Gomez v Epstein*, 29 AD3d 950 [2006]; *Batista v Olivo*, 17 AD3d 494 [2005]).

Furthermore, the conclusion of the plaintiffs' treating chiropractor that the injuries and limitations in the range of motion of the spine of the plaintiff Judith Cervino were caused by the subject accident was speculative in light of the fact that he failed to address or even acknowledge the fact that she had previously injured her neck and back in a prior 1997 car accident (*see Moore v Sarwar*, 29 AD3d 752 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]).

Lastly, the plaintiffs failed to submit competent medical evidence that the injuries they sustained in the accident rendered them unable to perform substantially all of their daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Felix v New York City Tr. Auth.*, 32 AD3d 527 [2006]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.