■ MARLENE MARZIOTTO et al., Appellants, v PETER J. STRIANO, Respondent, et al., Defendants. (And a Third-Party Action.) [831 NYS2d 551]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated February 3, 2006, as granted that branch of the cross motion of the defendant Peter J. Striano which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff Marlene Marziotto did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Peter J. Striano established, prima facie, that the plaintiff Marlene Marziotto (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). Contrary to the plaintiffs' contentions on appeal, they failed to raise a triable issue of fact in opposition. The respective affirmations, with annexed submissions, of the injured plaintiff's treating orthopedist and physician were insufficient to raise a triable issue of fact since the findings contained therein were not based on a recent examination of the injured plaintiff (see Gomez v Epstein, 29 AD3d 950, 951 [2006]; Legendre v Bao, 29 AD3d 645 [2006]; Cerisier v Thibiu, 29 AD3d 507 [2006]; Tudisco v James, 28 AD3d 536, 537 [2006]; Barzey v Clarke, 27 AD3d 600 [2006]; Murray v Hartford, 23 AD3d 629 [2005]; Farozes v Kamran, 22 AD3d 458 [2005]). Moreover, in his affirmation, the injured plaintiff's treating physician admittedly relied on the unsworn magnetic resonance imaging report of another physician in reaching his diagnosis of the injured plaintiff therein, thus rendering his affirmation without probative value in opposing Striano's cross motion (see Elder v Stokes, 35 AD3d 799 [2006]; Felix v New York City Tr. Auth., 32 AD3d 527 [2006]; Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc., 18 AD3d 741, 742 [2005]; Mahoney v Zerillo, 6 AD3d 403 [2004]; Friedman v U-Haul Truck Rental, 216 AD2d 266, 267 [1995]). The remaining submission of the plaintiffs, which consisted of an unaffirmed magnetic resonance imaging report of the injured plaintiff's lumbosacral spine dated February 24, 2003, was also without probative value in opposing the cross motion since that submission was unaffirmed (see Grasso v Angerami, 79 NY2d 813, 814 [1991]; Bycinthe v Kombos, 29 AD3d 845 [2006]; Pagano v Kingsbury, 182 AD2d 268, 270 [1992]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.