JAMES W. OSGOOD et al., Respondents, v SATURNINO MARTES et al., Appellants. [831 NYS2d 724]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated April 25, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff James W. Osgood did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants satisfied their prima facie burden of demonstrating that the plaintiff James W. Osgood (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact warranting the denial of summary judgment. The affirmed medical reports of the plaintiff's treating physician failed to compare the range of motion of the plaintiff's lumbar spine to what is considered the normal range of motion (*see Caracci v Miller*, 34 AD3d 515 [2006]; *Nagbe v Minigreen Hacking Group*, 22 AD3d 326, 327 [2005]; *Bent v Jackson*, 15 AD3d 46, 49 [2005]). Moreover, the plaintiff failed to offer an adequate explanation for the almost three-year gap in his treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Hasner v Budnik*, 35 AD3d 366, 368 [2006]; *Connors v Flaherty*, 32 AD3d 891, 893 [2006]; *Caracci v Miller, supra*; *Batista v Olivo*, 17 AD3d 494 [2005]). The MRI reports submitted by the plaintiffs were unaffirmed, and thus were without probative value in opposing the motion for summary judgment (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Hernandez v Taub*, 19 AD3d 368 [2005]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.