■ Kenneth Waring et al., Respondents, v Makram W. Guirguis et al., Appellants. [834 NYS2d 290]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 8, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiffs were involved in an automobile accident on December 17, 2000. They allege that certain medical records demonstrate that they both suffered from bulging and/or herniated discs and that as a result, their ranges of motion are so substantially impaired as to constitute serious injuries.

However, the mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Whitfield-Forbes v Pazmino,* 36 AD3d 901 [2007]; *Mejia v DeRose,* 35 AD3d 407 [2006]; *Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu,* 29 AD3d 507, 508 [2006]; *Bravo v Rehman,* 28 AD3d 694, 695 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 50 [2005]; *Diaz v Turner,* 306 AD2d 241 [2003]).

The defendants made a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth., supra*). In opposition, the plaintiffs failed to raise a triable issue of fact. Neither the affidavit of the plaintiffs' examining chiropractor nor the plaintiffs' affidavits adequately explain the five-year gap in medical treatment (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Cervino v Gladysz-Steliga,* 36 AD3d 744 [2007]; *Chan v Casiano,* 36 AD3d 580 [2007]; *Farozes v Kamran,* 22 AD3d 458 [2005]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.