■ JUAN A. IRIZARRY, Appellant, v BIN CHEN, Respondent. [834 NYS2d 672]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated January 30, 2006, which granted the defendant's motion for summary judgment dismissing the

complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

On appeal, the plaintiff concedes that the defendant's "moving papers" were sufficient to establish a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

In opposition to the defendant's motion, the plaintiff failed to raise a triable issue of fact. The plaintiff's opposition consisted, inter alia, of unsworn medical reports and uncertified hospital records which were without probative value (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Mejia v DeRose*, 35 AD3d 407, 408 [2006]; *Hernandez v Taub*, 19 AD3d 368 [2005]). Moreover, the magnetic resonance imaging reports submitted by the plaintiff did not establish that he sustained a serious injury as a result of the subject accident. In this regard, the plaintiff failed to show that the herniation was causally related to the subject accident (*see Ruddock v Boland Rentals, Inc.*, 31 AD3d 627 [2006]). The plaintiff's claim that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident was unsupported by competent medical evidence (*see D'Alba v Yong-Ae Choi*, 33 AD3d 650, 651 [2006]; *Murray v Hartford*, 23 AD3d 629, 629-630 [2005]). Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.