■ CHANDRA BAKSH et al., Plaintiffs, and TYEISHA ROKER, Appellant, v US TOW, INC., et al., Respondents. [855 NYS2d 372]—In a consolidated action to recover damages for personal injuries, etc., the plaintiff Tyeisha Roker appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered January 26, 2007, as granted the motion of the defendants US Tow, Inc., and Colin E. Arthur for summary judgment dismissing the complaint insofar as asserted by her against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and upon, in effect, searching the record, awarded summary judgment dismissing the complaint insofar as asserted by her against the defendants MTA Long Island Bus, also known as Metropolitan Suburban Bus Authority, and Judith A. Herrera on the same ground.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant to the respondents appearing separately and filing separate briefs.

On appeal, the plaintiff Tyeisha Roker (hereinafter the appellant) does not challenge the Supreme Court's determination that the defendants US Tow, Inc., and Colin E. Arthur made a

prima facie showing that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Contrary to the appellant's contention, her submissions in opposition to the motion were insufficient to raise a triable issue of fact.

Accordingly, the motion of the defendants US Tow, Inc., and Colin E. Arthur, for summary judgment dismissing the complaint insofar as asserted by the appellant against them was properly granted, and upon, in effect, searching the record, the Supreme Court properly awarded summary judgment to the defendants MTA Long Island Bus, also known as Metropolitan Suburban Bus Authority, and Judith A. Herrera, dismissing the complaint insofar as asserted by the appellant against them (*see Howell v Reupke,* 16 AD3d 377 [2005]; *Kassim v City of New York,* 298 AD2d 431, 432 [2002]). Rivera, J.P., Lifson, Ritter and Carni, JJ., concur.