PAOLA PACHECO, Appellant, v LLOYD A. CONNERS, Respondent. [894 NYS2d 782]—

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident by submitting a physician's report and the plaintiff's deposition testimony (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kivlan v Acevedo*, 17 AD3d 321 [2005]). Specifically, the plaintiff testified at her deposition that she stopped working as a part-time babysitter as a result of the accident, but she did not testify that her injuries substantially impacted on all of her activities of daily living, except to the extent that it affected her ability to roller skate and ice skate.

In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff did not submit competent evidence to support a claim that she was unable to perform substantially all of her daily activities for not less than 90 days of the first 180 days immediately following the accident due to a medically determined injury or impairment

(*see Farozes v Kamran,* 22 AD3d 458 [2005]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.