■ FESTUS OLAGUNJU, Respondent, v ANNA & DIANE CAB CORP., Appellant, et al., Defendant. [33 NYS3d 318]—

In an action to recover damages for personal injuries, the defendant Anna & Diane Cab Corp. appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 27, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Anna & Diane Cab Corp. for summary judgment dismissing the complaint insofar as asserted against it is granted.

The defendant Anna & Diane Cab Corp. (hereinafter the moving defendant) met its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The moving defendant submitted competent medical evidence establishing, prima facie, that none of the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, as well as the plaintiff's shoulders, knees, wrists, and left elbow, constituted a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In addition, the defendant demonstrated, prima facie, that during the 180-day period immediately following the subject accident, the plaintiff did not have an injury or impairment which, for more than 90 days, prevented him from performing substantially all of the acts that constituted his usual and customary daily activities (*see John v Linden*, 124 AD3d 598, 599 [2015]; *Marin v Ieni*, 108 AD3d 656, 657 [2013]).

In opposition, the plaintiff failed to raise a triable issue of fact, as the report submitted in opposition was not in admissible form (*see* CPLR 2106; *Rivers v Birnbaum*, 102 AD3d 26, 45 [2012]; *Burgos v Vargas*, 33 AD3d 579, 580 [2006]).

Accordingly, the Supreme Court should have granted the

moving defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.